Michael Zoldan; AZ Bar No. 028128
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
MZoldan@zoldangroup.com

Attorneys for Plaintiff
Patience Dahl

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Patience Dahl**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**Tarahumara Express, Inc.,** an Arizona corporation;<br><br>Defendant. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Patience Dahl ("**Plaintiff**"), for her Verified Complaint against Defendant Tarahumara Express, Inc. ("**T Express**") hereby alleges as follows:

### PARTIES

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendant Tarahumara Express, Inc. is an Arizona corporation with its principal place of business in Maricopa County, Arizona.

### JURISDICTION AND VENUE

3. The majority of acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

5. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

6. At all relevant times, Defendant Tarahumara Express, Inc. has continuously been an employerwithin the meaning of Title VII.

7. Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

## FACTUAL ALLEGATIONS

8. On August 31, 2020, Ms. Dahl interviewed for a business assistant position for T Express.

9. Ms. Dahl was interviewed by Mark Miller, who hired her on the spot with a start date of September 1, 2020.

10. On September 1, 2020, Ms. Dahl commenced employment with T Express as a business assistant.

11. In the first days of Ms. Dahl's employment, Miller would inappropriately put his hands on her legs and shoulders.

12. On several occasions, Miller would also feign accident and touch Ms. Dahl's breasts.

13. On September 3, 2020, Miller propositioned Ms. Dahl.

14. Miller approached Ms. Dahl and told her that he needed to get rid of $50,000

and asked her if he could be her "benefactor" in exchange for the money.

15. When Ms. Dahl did not respond to the proposal, Miller persisted and asked her several more times to be her benefactor in exchange for $50,000.

16. Ms. Dahl interjected on one occasion and asked Miller if he was asking to be her sugar daddy, and he responded, "No. No. Benefactor".

17. Ms. Dahl declined and was disgusted at the suggestion and continued requests for what she clearly understood to be a proposition of money in exchange for sex. Eventually, Ms. Dahl left for the day after having to endure the proposition of money for sex from her direct supervisor.

18. The following day Miller fired Ms. Dahl.

19. Miller instructed Ms. Dahl not to come to work on Monday and told her that he believed he could do the job better on his own.

20. No legitimate reason for the termination was offered to Ms. Dahl.

21. Ms. Dahl was terminated because she refused to have sex with her boss.

## COUNT I
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

22. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

23. Plaintiff was subject to unwelcome and unwanted harassment on the basis of her sex by her direct supervisor who was employed by Defendant.

24. The conduct described above was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

25. Defendant knew or should have known of the harassment to which Plaintiff was subjected and wholly failed to take proper remedial action.

26.     Because of her sex, Plaintiff was subjected to adverse employment actions including, *inter alia*, termination.

27.     As a result, Plaintiff has been damaged in an amount to be proven at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court order such relief as is necessary to make her whole, including, without limitation:

A.  Declaring the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act;

B.  An award of compensatory damages in an amount to be proven at trial;

C.  An award of punitive damages in an amount to be proven at trial;

D.  An award of back pay and front pay;

E.  Pre- and post-judgment interest;

F.  Reasonable attorneys' fees, costs and other expenses;

G.  For such other relief this Court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED on December 1, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Michael Zoldan
    14500 N. Northsight Blvd., Suite 133
    Scottsdale, AZ 85260
    Attorneys for Plaintiff Patience Dahl

## **VERIFICATION**

Plaintiff Patience Dahl declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Patience Dahl