**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patience Dahl,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Tarahumara Express Incorporated,<br><br>　　　　　Defendant. | No. CV-20-02316-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Attorney Fees and Costs (Doc. 24). No party has filed a response in opposition, and the time in which to do so has passed. *See* LRCiv 7.2.

**I.　Background**

By prior Order, the Court granted Plaintiff's Application for Entry of Default Judgment against Defendant and awarded Plaintiff $53,674.53 in damages. (Doc. 22). Plaintiff's only claim alleged sex discrimination in violation of Title VII of the Civil Rights Act. (Doc. 1 at ¶¶ 22–27); *see* 42 U.S.C. § 2000e-2(a)(1). Defendant has failed to appear or otherwise respond. Plaintiff now seeks an award of attorney fees and costs in the amount of $5,991.00. (Doc. 24 at 6).

**II.　Discussion**

A party seeking attorney fees and costs must show it is eligible and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c). A prevailing party who brings a Title VII claim may receive a reasonable attorney fee and costs. 42 U.S.C. §

2000e-5(k). Plaintiff is therefore eligible. Plaintiff has also prevailed because she was awarded $53,674.53 in damages after the Court entered default judgment. The Court finds that Plaintiff is, therefore, entitled to an award of attorney fees and costs.

Having found that Plaintiff's counsel is both eligible and entitled to an award of fees and costs, the Court will now assess the requested award's reasonableness. *See* LRCiv 54.2(c)(3). As this will be a statutory award, the Court will use the lodestar method to assess Plaintiff's proposed award. *See Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Under the lodestar method, courts determine the initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number of hours reasonably expended on the litigation. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). To assess the reasonableness of an award, courts consider the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3). Once this initial lodestar figure is calculated, courts may then adjust the result by considering "other factors." *Blanchard*, 489 U.S. at 94.

*1. Time and Labor Required*

Plaintiff's counsel represents that he spent 14.5 hours of work on this matter. (Doc. 24-3 at 3). Given that Defendant failed to appear or otherwise defend. The Court finds that there was relatively little time and labor required to represent Plaintiff in this matter.

*2. Novelty and Difficulty of Questions Presented*

Plaintiff's counsel acknowledges that there were no novel or difficult questions at issue in this matter. (Doc. 24 at 4).

*3. Requisite Skill*

Although in hindsight, this matter did not require a great amount of skill. The Court recognizes that litigating sex discrimination claims under Title VII requires a least a moderate amount of skill and knowledge of the law.

*4. Preclusion of Other Employment*

Plaintiff's counsel represents that he was not precluded from other work because of this matter. (*Id.*)

*5. Customary Fee*

Plaintiff's counsel represents that his requested hourly rate of $400 is reasonably within the range of fees of experienced employment practitioners in the Phoenix metropolitan area. (*Id.* at 5). Attached to the Motion, Plaintiff includes the affidavit of a separate attorney presenting her opinion that rates customarily range from $300 to $500 in Phoenix. (Doc. 24 at 4). Plaintiff's counsel also cites two cases that support his assertion of a customary fee. (Doc. 24 at 6) (citing *All. Labs, LLC v. Stratus Pharms., Inc.*, 2013 WL 3298162, at *3 (D. Ariz. July 1, 2013) (finding that the hourly rate of $520 charged by partners at the Phoenix firm, Lewis & Roca reflect the prevailing rate); *Bell v. VF Jeanswear LP*, 2019 WL 1409433, at *2 (D. Ariz. Mar. 28, 2019) (allowing counsel an "agreed rate" of $510 per hour in an award for attorney fees), *aff'd in part, rev'd in part and remanded*, 819 F. App'x 531 (9th Cir. 2020)). The Court notes that Plaintiff's counsel has customarily sought a rate of $350 per hour. *McGlothlin v. ASI Cap. Ventures LLC*, 2021 WL 857367, at *3 (D. Ariz. Mar. 8, 2021).

*6. Nature of Fee Agreement*

Pursuant to the retainer agreement, Plaintiff's counsel worked on a contingency basis. (Doc. 24-4 at 3).

*7. Time Limitations*

Plaintiff's counsel represents there were not time limitations in this matter. (Doc. 24 at 5).

/ / /

*8. Amount at Stake and Results Obtained*

Plaintiff received $53,674.53 in damages, which the Court finds is not an insubstantial amount.

*9. Counsel's Experience*

Plaintiff's counsel represents that he is an experienced employment lawyer. (*See* Doc. 24-1 at 3).

*10. Undesirability of Case*

Plaintiff's counsel represents this case was not undesirable. (Doc. 24 at 5).

*11. Nature of Attorney Client Relationship*

Plaintiff's counsel represents this is the first time he has represented Plaintiff. (*Id.* at 6).

*12. Awards in Similar Actions*

Plaintiff's counsel seeks an award of $5,991.00 after prevailing on a Title VII claim through default judgment. Although Plaintiff has not cited cases with a similar procedural history to this one, the Court has found some indicating that the amount sought is less than that awarded in similar actions. *See Farsakian v. Kent, No.*, 2020 WL 6363729, at *7 (D. Ariz. Oct. 29, 2020) (awarding $23,929.50 in attorney's fees after entering default judgment in a plaintiff's favor for several claims including two brought under Title VII).

Considering these factors, the Court finds that 14.5 hours of work as detailed in Plaintiff's counsel's time sheet represents a reasonable time spent on this matter. (*See* Doc. 24-3). However, the Court also finds that a reasonable rate for this matter is Plaintiff counsel's customary rate of $350 per hour. Plaintiff provided affidavits indicating that this amount was in the range of customary fees in the Phoenix area, and the Court has noted that this amount is Plaintiff's counsel's customary rate. Given that this matter resolved itself without Defendant appearing or otherwise defending, the Court declines to set a higher rate. Accordingly, the Court will set the initial lodestar figure at $5,075.00 and sees no need for further adjustment.

Plaintiff also seeks an award of costs for non-taxable expenses in the amount of

$191.00.  (Doc. 24 at 6).  The Court will grant this request.  *See Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) (noting that prevailing plaintiffs may recover non-taxable costs under 42 U.S.C. § 2000e-5(k)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees and Costs (Doc. 24) is **GRANTED** in part.  The Court approves an award in the amount of $5,266.00.

**IT IS FURTHER ORDERED** kindly directing the Clerk of Court to enter judgment accordingly.

Dated this 13th day of October, 2021.

Honorable Diane J. Humetewa
United States District Judge